WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advance Realty LLC,<br><br>             Plaintiff,<br><br>v.<br><br>Unknown Party,<br><br>             Defendant. | No. CV-25-02420-PHX-DJH<br><br>**ORDER** |

Before the Court is Plaintiff Advance Realty LLC's ("Plaintiff") *Ex Parte* Motion for Expedited Discovery. (Doc. 3). For the reasons sets forth below, the Court will deny the Motion.

**I.   Background**

On July 10, 2025, Plaintiff filed a Complaint as an assignee of a real estate investment firm called Rise48 Holdings, LP ("Rise48"). (Doc. 1 at 2). Defendant in this case, is an unknown party with the screen username of Subordinate Capital Ape ("Defendant"). (*Id.*) Beginning in October of 2023, Plaintiff alleges that Defendant posted comments on the Wall Street Oasis ("WSO"), an online platform, about a recapitalization preferred equity opportunity at the investment firm. (Doc. 1 at ¶¶ 10, 11). Deals like preferred equity deals, according to Plaintiff, usually occur when a real estate investment offering is struggling or underperforming. (*Id.*) Because of this, Plaintiff alleges that Defendant's use of the term "recap pref opportunity" in Defendant's comments online, signaled to potential investors that Rise48 was struggling. (*Id.* at ¶ 12).

Defendant then proceeded to post specifics about the deal such as the asset basis, the percentage of occupied and vacant units the properties had, the net operating income, the yield on cost, and the operating expense ratio. (Doc. 1 at ¶ 13). Based on the comments and the specificity, Plaintiff asserts that the unknown Defendant must be an analyst at either one of the banks, lenders, or potential investors that Plaintiff sought financing from. (Doc. 1 at ¶¶ 2–3). Plaintiff contends that the disclosure of this information on a public forum is a violation of the Non-disclosure Agreement that all analysts working on behalf of Plaintiff were bound by. (Doc. 1 at ¶ 3). Due to this unlawful disclosure, Plaintiff brings a two-count claim against Defendant: Breach of Contract and Trade Secret Misappropriation under the Defend Trade Secrets Act ("DTSA"). (Doc. 1 at ¶¶ 20–31). Now, Plaintiff seeks to expedite discovery to determine the identity of the unknown individual responsible for posting confidential deal specifics online.

## II.    Legal Standard

Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." A court may authorize expedited discovery to proceed before service to defendants if it finds that there is good cause to do so. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002). Some limiting principals should apply to the determination of whether discovery to uncover the identity of a defendant is warranted to ensure that "the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service and will prevent use of this method to harass or intimidate." *Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573, 578 (N.D. Cal. 1999). The Court will consider whether Plaintiff: (1) can identify the missing party with sufficient specificity that the Court can determine that Defendants are real persons or entities that could be sued in federal court; (2) has identified all previous steps taken to

locate the elusive defendant; (3) can establish that its suit against Defendants could withstand a motion to dismiss; and (4) has shown that there is a reasonable likelihood that expedited discovery will lead to identifying information about Defendants that would make service of process possible. *Id.* at 578–80.

### III. Discussion

Of the four factors that the Court must examine to determine if expedited discovery is warranted, consideration of the first two give the Court pause. The first concerns the Court's jurisdiction over the unidentified Defendant and the second is about the exhaustion of good faith efforts taken by Plaintiff to locate the unknown Defendant.

### A. Identification of Missing Parties

A plaintiff should be able to identify the missing party with sufficient specificity so that the Court can determine if jurisdiction can be established over the individual or entity. *Columbia Ins. Co.*, 185 F.R.D. at 578. Plaintiff provided this Court with the online username of the unidentified individual who posted comments about deal statistics on WSO and a specified time and date that the comments were posted. Plaintiff has not, however, provided an IP address for that individual or any other information that would allow this Court to determine that it has jurisdiction over them. (Doc. 3 at 3). In *Breaking Glass*, an analogous case from this District, the plaintiff seeking expedited discovery had already compiled a list of 117 unique IP addresses for the Court and an exact date and time of the infringing action. *Breaking Glass Pictures, LLC v. Doe*, No. CV-13-00599-PHX-GMS, 2013 WL 3805637, at *4 (D. Ariz. July 22, 2013). The court there found that the plaintiff had "sufficiently identified the Doe Defendants in a way that the Court can determine that they are real persons or entities that could be sued in federal court." (*Id.* at *5). That type of important identifying information is lacking here. Without more information, the Court finds that Plaintiff has not at this stage identified the missing party with "sufficient specificity" that the Court can determine it has jurisdiction over Defendant. *Columbia Ins. Co.*, 185 F.R.D. at 579 (granting expedited discovery after finding that defendants had a California domicile, showing that the Court likely had

personal jurisdiction over them). Therefore, the Court finds that this factor weighs against granting Plaintiff's expedited discovery request.

### B. Steps Taken to Locate Defendant

The Plaintiff should next identify all steps taken to locate the unknown defendant. *Columbia Ins. Co.*, 185 F.R.D. at 579. This requirement ensures that plaintiff makes a good faith effort to comply with the requirements of service of process. *Id.* The Court is unconvinced that Plaintiff took any steps to locate the unknown Defendant. After identifying the unknown Defendant's username and perusing past comments made by the Defendant, Plaintiff did nothing more to ascertain the identity of the person behind the username. Plaintiff states that it was sufficiently deterred from seeking IP address and other information from WSO before filing this Motion because WSO prides itself as a forum that encourages anonymity. (Doc. 3 at 3). Again, in *Breaking Glass*, the court found that this factor weighed in favor of allowing expedited discovery only after Plaintiff obtained the IP addresses of each unknown defendant and then traced those IP addresses to an associated ISP[1] in Arizona. *Breaking Glass Pictures, LLC*, 2013 WL 3805637, at *4. Nothing of the sort has happened here. Instead, Plaintiff alleges that WSO is "unlikely to provide Plaintiff further information without a subpoena." (Doc. 3 at 3). A hypothetical "unlikely" cannot let this Court sidestep the usual commands of the federal rules of discovery. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999) (explaining the reluctance of courts to sidestep traditional discovery procedures). The Court finds that Plaintiff has failed to satisfy the demands of this factor.

### C. Prima Facie Case

This factor requires that the Court examine if Plaintiff's Complaint will withstand a motion to dismiss. *Columbia Ins. Co*, 185 F.R.D. at 579–80. The reason for this requirement is to prevent abuse of the discovery process. *Id.* Plaintiff brings claims for misappropriation of trade secrets and breach of a nondisclosure agreement. (Doc. 3 at 4).

---

[1] An ISP stands for Internet Service Provider. *See Breaking Glass Pictures, LLC v. Doe,* No. CV-13-00599-PHX-GMS, 2013 WL 3805637, at *1 (D. Ariz. July 22, 2013) (explaining what an ISP is).

To succeed on a claim for misappropriation of trade secrets under the DTSA, a plaintiff must prove: (1) that the plaintiff possessed a trade secret, (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff. *See* 18 U.S.C. § 1839(5). Here, Plaintiff has identified the trade secrets as "(a) the exact capitalization of a confidential recapitalization opportunity; (b) trailing 12-month and 3-month performance data; (c) internal vacancy rates; (d) forward-looking expense reduction assumptions; and (e) proprietary pro forms return targets—none of which were disclosed to the public or in any publicly available materials." (Doc. 1 at 4); *see* 18 U.S.C. § 1839(3) (defining the term trade secret broadly). The owner of the trade secrets must have also taken reasonable measures to keep the information secret for it to qualify as a trade secret. 18 U.S.C. § 1839(3). Plaintiff has done that here by stating that all those acquainted or closely aligned with deals at the company were required to sign non-disclosure agreements. (Doc. 3 at 3). Then, Plaintiff alleges that when Defendant posted statistics about the underlying deals at the company online, that was a misappropriation. (*Id.* at 4). Misappropriation in the context of trade secrets is defined by 18 U.S.C. § 1839(5). One way for a trade secret to be misappropriated is if was "acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret." Section 1839(5)(B)(2)(ii)(II). And that is exactly what Plaintiff is alleging here. By signing a non-disclosure agreement, the unknown Defendant was bound by a duty to maintain the secrecy of the trade secret and yet failed to do so by posting comments about deal statistics online. (Doc. 1 at ¶¶ 2–4). Plaintiff has also adequately alleged the harm that resulted from the online disclosure, such as "loss of competitive advantage, impaired relationships with investors, and diminution in the value of its trade secrets. (*Id.* at ¶ 31).

As to the breach of contract claim for the breach of the nondisclosure agreement, to state prima facie case for breach, Plaintiff must establish the existence of a contract, a breach, and resulting damages. *Scottsdale Ins. Co. v. Deanna K. Cook*, No. CV-10-1661-PHX-FJM, 2010 WL 4942764, at *2 (D. Ariz. Nov. 24, 2010) (quoting *Clark v.*

1. *Compania Ganadera de Cananea, S.A.,* 387 P.2d 235, 238 (1963) (stating the requirements to establish a breach of contract claim).  Plaintiff maintains this requirement will be met because of the underlying non-disclosure agreement that Plaintiff is prepared to turn over to the Court.  (Doc. 1 at ¶ 4).  By disclosing secrets in an online forum, even if anonymously, Plaintiff also contends that a breach occurred.  (*Id.* at ¶ 21).  And Plaintiff has suffered damages as outlined by the trade secret analysis above.  For the reasons stated, the Court finds that Plaintiff has demonstrated a prima facie case for both trade secret misappropriation and breach of contract.

### D.    Reasonable Likelihood of Identification

This factor examines whether Plaintiff has demonstrated that expedited discovery will lead to identifying information about Defendants to allow service of process. *Breaking Glass Pictures, LLC v. Doe*, 2013 WL 3805637, at *5.  Plaintiff avows that the unknown Defendant can be identified because WSO users can sign in through other identifying information like their Google LinkedIn, Facebook or Apple accounts. (Doc. 3 at 4).  According to Plaintiff, it is also likely that WSO maintains account registration records, including email addresses and IP logs, which can be used to identify the unknown Defendant.  (*Id.*)  If the IP address becomes known, Plaintiff contends it can then serve a subpoena of the phone company or email provider to identify the specific person who posted the comments.  (*Id.*) The Court finds that Plaintiff meets this factor. However, at this juncture, and due to the Court's concerns regarding Plaintiff's ability to sufficiently identify and locate Defendant, the Court will deny Plaintiff's Motion to Expedite Discovery.

Accordingly,

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS ORDERED** that Plaintiff's Motion to Expedite Discovery (Doc. 3) is denied.

Dated this 29th day of July, 2025.

_____
Honorable Diane J. Humetewa
United States District Judge