**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Advance Realty LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown Party,<br><br>    Defendant. | No. CV-25-02420-PHX-DJH<br><br>**ORDER** |

     Plaintiff Advance Realty, LLC ("Plaintiff") has filed a "Motion to Extend Time to Serve Defendant John Does DOE Subordinate Capital Ape" pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 10). Upon review, the Court will grant the Motion.

     Plaintiff filed its original Complaint on July 10, 2025 (Doc. 1). The same day, Plaintiff asked the Court to expedite discovery so it could ascertain the identity of the John Doe Defendant in this case. (Doc. 3). Plaintiff explained that an online poster, with the username of Subordinate Capital Ape, publicized confidential information related to its preferred equity deal on the website Wall Street Oasis ("WSO"). (*Id*.) On July 29, 2025, the Court denied the request due to jurisdictional concerns and Plaintiff's failure to show it had taken steps to locate the John Doe Defendant. (Doc. 9). On October 7, 2025, a day before its 90-day deadline to serve John Doe Defendant expired, Plaintiff filed its Motion for an extension of time to identify and locate the John Doe Defendant.

     Federal Rule of Civil Procedure 4(m) mandates the dismissal of cases if a defendant is not served within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(m). An

extension of time to serve the defendant must be granted, however, if the plaintiff shows good cause. *Id.* Good cause is determined on a case-by-case basis, but at a minimum it entails excusable neglect. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Additionally, the following four factors need to be satisfied before a court can find good cause: 1) excusable neglect; 2) the party to be served received actual notice of the suit; 3) the party to be served would suffer no prejudice; and 4) plaintiff would suffer severe prejudice if the complaint were dismissed. *Flores v. Cnty. of Yavapai*, 2023 WL 345926, at *1 (D. Ariz. Jan. 20, 2023). The plaintiff bears the burden of establishing good cause. *Gill v. Waikiki Lanai, Inc.,* 2011 WL 3648772, at *7 (D. Haw. Aug. 18, 2011). Failing to meet this burden, a district court may, in its discretion, nevertheless grant an extension of time even in the absence of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

Plaintiff's Motion fails to discuss any of the relevant factors necessary to establish good cause for the requested extension. (*See* Doc. 10). The Court will nevertheless grant Plaintiff's Motion under its broad discretion[1] to do so. It will also authorize Plaintiff's counsel to issue subpoenas for the limited purpose of determining the identify of John Doe Defendant.

After the Court denied Plaintiff's request for expedited discovery, Plaintiff's counsel says it contacted WSO on July 30, 2025, and requested identifying information and IP addresses for John Doe Defendant. (Doc. 10-1 at 2, Ex. 1) (correspondence between Plaintiff's legal counsel and WSO). On August 27, 2025, Plaintiff hand-delivered a letter to an agent for WSO, again requesting information on the John Doe Defendant. (Doc. 10-1 at 2, Ex. 2) (letter sent to WSO from Plaintiff's legal counsel). On September 4, 2025, WSO's counsel spoke to Plaintiff's counsel on the phone and stated that WSO could only provide such information in response to a subpoena. (Doc. 10-1 at 2). Over a month later, on October 6, 2025, Plaintiff says it confirmed via email that WSO would only turn over

---

[1] While broad, the Court's discretion is not limitless. *Flores*, 2023 WL 345926, at *2. Although the Ninth Circuit has not delineated a bright line test, the Court can consider the following non-exhaustive list when exercising its discretion: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Id.*

1 that information in response to a subpoena. (*Id.*)

2 Though the Court is concerned that Plaintiff waited over a month to "confirm" that WSO would only turn over information in response to a subpoena, the Court, in its discretion, will allow the extension of time to serve John Doe. It appears that WSO holds the information Plaintiff needs to identify John Doe's true identify but will only provide that information in response to a subpoena.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Extend Time to Serve Defendant John Doe (Doc. 10) is **granted.** Plaintiff(s) must file proof of service of the summons and complaint or of waiver of service with the Clerk of Court no later than **January 6, 2026**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel is authorized to issue subpoenas to determine the identity of the online poster known as Subordinate Capital Ape. This Order does not authorize Plaintiff to conduct discovery on the merits of its claims beyond what is necessary to properly name and serve process upon Defendant John Doe.

**IT IS FINALLY ORDERED** that unless the Court orders otherwise on **January 7, 2026**, the Clerk of Court, without further notice, shall **terminate** any Defendant in this action that has not been served pursuant to this Order.

Dated this 16th day of October, 2025.

Honorable Diane J. Humetewa
United States District Judge

- 3 -